UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DWIGHT BANKS, Plaintiff, v. RIGOBERTO'S TACO SHOP, INC., et al., Defendant. | Case No.: 18cv584-LAB (BLM)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**ORDER STRIKING PLAINTIFF'S COUNSEL'S DOCKET ENTRY; AND**<br><br>**ORDER REGARDING TELEPHONE CALLS TO CHAMBERS** |
|---|---|

**Renewed IFP Motion**

On July 17, the Court denied Plaintiff Dwight Banks' motion to proceed *in forma pauperis* ("IFP"), pointing out that it included a good deal of apparently contradictory information. The Court gave him leave to file a renewed motion, which he did. The amended motion (Docket no. 5) attempted to correct the problems. Both motions were created using the same form, which incorporates an affidavit under penalty of perjury.

Unfortunately, the amended motion raises new questions, and without explanation contradicts his earlier motion. The original affidavit said Banks had zero years of education; the amended affidavit, without explanation, says he has ten years of education. The original affidavit said he spends $268 per month on utilities and $10 per month on homeowner's or renter's insurance (both of which seemed inconsistent with the fact that he did not own or rent a home). The amended motion says he spends $40 per month on a cell phone, but does not explain why his utility bills were so high earlier. It may be that he simply mischaracterized these expenses, but if that is so, he is in the best position to explain it.

The amended motion attempts to explain his living situation by saying he pays people $400 to $450 per month to allow him to stay in their homes. Why he did not mention this a few weeks earlier, and where this money comes from are not adequately explained. Simply filing a new affidavit with new and different amounts creates an appearance of unreliability. In other words, although there may be good reasons for the changes, it is up to Banks to explain why his original declaration was wrong, and why he made the changes he did.

A new wrinkle is that Banks now says he receives, on average $200 per month in settlements from ADA cases he brings. It is clear he is not receiving structured payments because he says some months he receives more, and some months he receives none. Under Civil Local Rule 3.2(a)(3), the affidavit in support of an IFP motion must include income from all sources, including pensions, gifts, or "any other source." *See* Rule 3.2(a)(3)(e). And the affidavit "must include a description of each source of money and the amount of money received from each source during the past twelve months." Rule 3.2(a)(3).

This is a problem, partly because Banks has never included a description of ADA payments received in the past twelve months. He must do this before IFP can be granted. Second, a settlement of $200 for an ADA case in this District is

surprisingly low. Both affidavits say Banks expects to pay nothing in costs or attorney's fees or costs for this case, so the expenses of suing cannot be the reason he ends up with so little from each settlement. Also, the form says to use gross amounts, before deductions for any other purpose. Even if the affidavit is interpreted to mean Banks will pay no fees directly, and that his counsel will take a percentage of the recovery under a contingency agreement, it makes little sense. After accounting for a reasonable contingency fee, Banks' settlement payout remains inexplicably low.

The renewed IFP motion is **DENIED**. Banks may either pay the filing fee, or file a renewed IFP motion within 21 calendar days of the date this order is issued. If he files a renewed IFP motion, he may use a form as before, but he should also include a supplemental affidavit. The supplemental affidavit must explain all of the discrepancies identified above. In particular, it must explain why the information in the two affidavits is so different, how much he has received in income during the past year (including from lawsuit settlements), and why the settlement amounts are so low.

Banks' affidavit should account for all income and all payments or expenses, even if they were only credits or debits rather than cash income or payments. For example, if someone makes payments on his behalf out of the proceeds of lawsuit settlements, he must include that information. His affidavit must explain the substance of his finances and the explanation must be coherent, plausible, and complete. An doubts should be resolved in favor of completeness.

**Docket Entries by Attorney**

In this District, attorneys are required to file documents electronically using the CM/ECF system. *See* Civil Local Rule 5.4. They are required to undergo training, and to follow this District's CM/ECF Policies and Procedures Handbook. They are not, however, permitted to use the docketing software to offer their own comments on the case or to intervene in the regular judicial process.

After filing the amended IFP motion, attorney Michael Taibi filed a certificate of service of the amended IFP motion, as item number 6 in the docket. As part of the docket entry, he added the following language: "*Motion was GRANTED upon Appearance at hearing by Michael Taibi*".[1] This is not accurate.

The only hearing before this Court that Michael Taibi attended was held July 9, over two weeks before Taibi filed the motion that he says the Court granted. He appeared at a hearing in 18cv302, *Mason v. Golden West Furniture*, a separate case involving entirely different parties. The only connections between that case and this is that both are ADA cases and Taibi is counsel in both. Before that hearing, Taibi's law clerk called chambers to say that Taibi might bring up the original IFP motion in this case at that hearing. But the Court never issued any order setting the IFP motion for hearing. And in any event, the Court denied the then-pending IFP motion by written order after the hearing, on July 17, after the hearing. In fact, the Court did not rule on any motion at that hearing; it took the pending motion in *Mason* under submission. (*See* Docket no. 15 in case 18cv302.)

Any rulings on motions can be made by the Court only. It should go without saying, but attorneys are not permitted to rule on their own motions, nor should they attempt to correct what they perceive as the Court's oversights by entering their own notations on the docket. Even if an attorney were correct in his belief, the remedy would be to use some authorized procedure (such as an *ex parte* motion) to ask the Court to take action or, in very unusual cases, to appeal. Filing or docketing what purports to be an order of the Court is absolutely prohibited and could expose an attorney to sanctions or contempt proceedings.

///
///

---

[1] Court staff have since removed this annotation.

**Telephone Calls**

It has come to the Court's attention that Taibi has either directed or permitted an attorney in his firm who is not licensed in California to make *ex parte* telephone calls to chambers. Going forward, except in exigent circumstances only attorneys authorized to practice in this Court should call. *See* Civil Local Rule 83.3(c)(2). And no one should attempt to make *ex parte* contact with chambers regarding disputed matters.

For example, calling *ex parte* to ask when the Court will rule on a disputed matter or how the Court will likely rule on such a matter, or urging the Court to give priority to or take action on such a matter are all improper. A disputed matter, in this context, is any issue that both parties have not agreed on, and where their interests might diverge.

**IT IS SO ORDERED**.

Dated: October 29, 2018

Hon. Larry Alan Burns
United States District Judge